**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ANTONIO RISCO,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-cv-196 (MTT)** |
| | ) | |
| **SGT. MICHAEL BRAYTON, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendants Sergeant Michael Brayton, Sergeant Anthony Thompson, and Sheriff

Brad White of the Lamar County Sherriff's Department move for summary judgment on

Plaintiff Antonio Risco's claims for excessive force in violation of the Fourth Amendment

pursuant to 42 U.S.C. § 1983 and state law tort claims. ECF 17. For the following

reasons, the motion for summary judgment (ECF 17) is **GRANTED**.

## I. BACKGROUND[1]

### A. Factual History

On February 17, 2020, Sergeant Brayton initiated a traffic stop on a vehicle Risco

was driving in the northbound lanes of Interstate 75 in Lamar County, Georgia. ECF 17-

---

[1] Unless otherwise stated, these facts are undisputed and viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Risco did not respond to the Defendants' statement of material facts. Therefore, the Defendants' statement of material facts is deemed to have been admitted by Risco. M.D. Ga. L. R. 56. Still, the Court further confirmed that the facts were supported by the record by "review[ing] all of the evidentiary materials submitted in support of" the Defendants' motion. *United States v. One Piece of Real Prop'y*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

The Defendants, without objection from Risco, attached dashcam footage from Sergeant Brayton and Sergeant Thompson's patrol vehicles as exhibits to their motion for summary judgment. Risco also relies on the dashcam footage. ECF 20 at 1. The Court cites the dashcam footage as "Brayton Dashcam" and "Thompson Dashcam," respectively.

2 ¶ 1; 1 ¶ 8. Sergeant Brayton activated the emergency equipment on his marked patrol vehicle to command Risco to pull over. ECF 17-2 ¶ 3; Brayton Dashcam at 00:00-01:00. Risco turned on his hazard light but did not pull over. *Id*. Sergeant Brayton pulled up alongside Risco. ECF 17-2 ¶ 5; Brayton Dashcam at 01:00-01:30. Risco had his window down, and Sergeant Brayton yelled at him repeatedly to "pull your f*** a** over." *Id.* Risco moved into the far-right lane and slowed his speed but did not pull over. Sergeant Brayton Dashcam at 01:20-01:55. Sergeant Brayton again pulled up alongside Risco and told him to "pull the f*** over." Brayton Dashcam at 0:1:55-02:05. Sergeant Thompson arrived to the scene and he and Sergeant Brayton attempted to box in Risco's vehicle. ECF 17-2 ¶ 6; Brayton Dashcam at 02:05-02:10. Risco swerved around the patrol vehicle and accelerated. ECF 17-2 ¶ 6; Brayton Dashcam at 02:10-2:30. At that point, Sergeant Brayton performed a precision immobilization technique ("PIT") maneuver, causing Risco's vehicle to spin out of control and roll over several times. ECF 17-2 ¶ 8; Brayton Dashcam at 02:30-02:40.

Sergeant Brayton and Sergeant Thompson approached Risco's vehicle and instructed him to exit. ECF 17-2 ¶ 9; Brayton Dashcam at 03:10-5:50; Thompson Dashcam at 08:24-10:23. The defendant officers then pulled Risco out of the vehicle and forcefully attempted to restrain him while he physically resisted. *Id.* Sergeant Thompson tased Risco and a non-defendant officer beat him with a baton. ECF 17-2 ¶ 10; Brayton Dashcam at 04:08-04:30. Sergeant Thompson deployed his K-9 partner and Sergeant Brayton and the non-defendant officer held Risco down while the K-9 attacked him. ECF 17-2 ¶ 11; 20-1 ¶ 2; Thompson Dashcam at 10:44-12:30. Sergeant Thompson told his K-9 "good boy" and repeatedly told Risco to "stop fighting [his] dog" while the K-9 attacked Risco for several minutes and dragged him across the ground.

Brayton Dashcam at 5:11-8:17. Risco yelled for help and asked for an ambulance while officers placed him in handcuffs and leg restraints.[2] ECF 17-2 ¶ 12; Brayton Dashcam at 8:30-12:00.

## B. Procedural History

After the above-described events, Sergeant Brayton discovered illegal drugs in Risco's vehicle. ECF 17-2 ¶¶ 13, 14. Sergeant Brayton charged Risco with failure to maintain lane in violation of O.C.G.A. § 40-6-48, fleeing or attempting to elude in violation of O.C.G.A. § 40-6-395, obstruction of a law enforcement officer in violation of O.C.G.A. § 16-10-24(b), and multiple illegal drug-related felony offenses pursuant to O.C.G.A. §§ 16-13-31 and 16-13-30(A). ECF 17-2 ¶ 15; 17-4. On July 7, 2022, Risco pled guilty to obstruction of an officer, two counts of possession of a controlled substance with intent to distribute, and one count of possession of a Schedule III controlled substance. ECF 17-2 ¶ 16; 17-5. Risco filed his complaint initiating this action on June 24, 2024. ECF 1.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may

---

[2] The defendant officers' conduct, while concerning, is not relevant to the dispositive issue raised by their motion for summary judgment.

support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court— that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex*, 477 U.S. at 324) (alterations in original). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The

-4-

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

Section 1983 does not have its own statute of limitations but borrows the forum state's personal injury statute of limitations. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Georgia's statute of limitations for personal injury claims is two years. *Id.;* O.C.G.A. § 9-3-33. The events giving rise to Risco's claims occurred on February 17, 2020. ECF 17-2 ¶ 1; 1 ¶ 8. Risco filed suit on June 24, 2024—over four years later. ECF 1. Accordingly, the Defendants argue that Risco's claims are time-barred. ECF 17-1 at 5–7. Risco contends that his "claims tolled because he was a victim of a crime perpetrated by Defendant Brayton and Defendant Thompson pursuant to O.C.G.A. § 9-3-99." ECF 20 at 6–8. Risco bears the burden of establishing that the statute of limitations was tolled. *See Harrison v. McAfee*, 338 Ga. App. 393, 395, 788 S.E.2d 872, 874 (2016).

O.C.G.A. § 9-3-99 applies to any tort action "*brought by the victim* of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime" (emphasis added). In such cases, "[t]he running of the period of limitations" is tolled from the date of the alleged crime or act giving rise to the tort action "until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years." O.C.G.A. § 9-3-99. Risco relies on the Georgia Court of Appeals' holding in *Harrison*, 338 Ga. App. at 402, 788 S.E.2d at 878–79 that O.C.G.A. § 9-3-99 "applies regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises." *See* ECF 20 at 6–7. In *Harrison,* the plaintiff was shot in a bar and argued that tolling under

O.C.G.A. § 9-3-99 applied to his claims not just against the tortfeasor/perpetrator of the crime, but his premises liability claims against the bar's alleged owners. 338 Ga. App. at 394, 788 S.E.2d at 873-74. The Georgia Court of Appeals agreed, overruling prior precedent. *Id.* at 400, 788 S.E.2d at 877.

Risco argues that his June 24, 2024, complaint is timely. ECF 20. He reasons that because the facts alleged in his complaint "indicate a felonious assault perpetrated by Defendant Brayton," and aggravated assault claims have a four-year statute of limitations in Georgia, prosecution against Brayton was theoretically possible until February 17, 2024. *Id.* at 7–8. Accordingly, Risco maintains that "the statute of limitations [for his tort action] would commence [on February 17, 2024] and conclude on February 17, 2026." *Id.*

The Defendants argue that Risco is not a criminal victim in the underlying incident such that the limitations period was tolled under O.C.G.A. § 9-3-99, and that even if Risco is somehow a criminal victim under O.C.G.A. § 9-3-99, his complaint was still filed too late. ECF 17-1 at 6; 23 at 3–6. The Court agrees. After the incident underlying this case, Risco was charged with failure to maintain lane, fleeing or attempting to elude police, obstruction of a law enforcement officer, and multiple illegal drug-related felony offenses. ECF 17-2 ¶ 15; 17-4. On July 7, 2022, Risco pled guilty to obstruction of an officer, two counts of possession of a controlled substance with intent to distribute, and one count of possession of a Schedule III controlled substance. ECF 17-2 ¶ 16; 17-5. Risco has not pointed to any evidence that any of the Defendants were investigated or charged with crimes in connection with the underlying incident.

In *Toliver v. Dawson*, 370 Ga. App. 451, 452, 896 S.E.2d 714, 716 (2023),[3] the Georgia Court of Appeals held that O.C.G.A. § 9-3-99 "by its plain language, does not benefit an alleged criminal perpetrator." *Toliver*, 370 Ga. App. at 456, 896 S.E.2d at 718. The *Toliver* court observed: "This is especially true where . . . the plaintiff was the only individual cited for a traffic violation in connection with the motor vehicle collision and the time for issuing or prosecuting any other traffic violations has passed." *Id.* at 457, 896 S.E.2d at 719. Risco was the perpetrator of multiple criminal offenses during the incident underlying his lawsuit. He cannot now assert that he was the victim when no other individual was criminally investigated or charged. Further, Risco did not cite "a single case that allows the accused perpetrator of the crime to use O.C.G.A. § 9-3-99 to toll the applicable statute of limitation." *Toliver,* 370 Ga. App. at 456, 896 S.E.2d at 718.[4]

Moreover, the limitation period for any hypothetical charges against Sergeant Brayton ran, at the latest, by February 17, 2024—over four months before Risco filed suit. After February 17, 2024, "the time for any prosecution ha[d] come and gone, and . . . there never was any pending prosecution nor could there be in the future." *Jenkins v. Keown*, 351 Ga. App. 428, 433, 830 S.E.2d 498, 502 (2019).[5] In other words, if no

---

[3] In *Toliver*, the plaintiff was injured in a motor vehicle collision and filed a civil action alleging the defendant truck driver negligently caused the collision. The police report from the incident identified the plaintiff as the suspect at fault and the plaintiff was cited for an improper lane change. *Id.* The defendant was not cited for any crime. *Id.* The *Toliver* court concluded that "the two-year statute of limitation for [the plaintiff's] cause of action is not tolled by O.C.G.A. § 9-3-99 based on any hypothetical crime committed by [the defendant]." 370 Ga. App. at 452–455, 896 S.E.2d at 716–18.

[4] The *Toliver* court rejected the plaintiff's reliance on *Harrison*, 338 Ga. App. 393, 788 S.E.2d 872, observing: "*Harrison* did not address the applicability of the tolling statute to a plaintiff accused of committing a crime from which the cause of action arises, and it certainly did not hold that *any* related criminal proceeding associated with the underlying incident automatically triggers the provisions of O.C.G.A. § 9-3-99 for a related civil tort action." 370 Ga. App. at 456, 896 S.E.2d at 719. Risco's reliance on *Harrison* is misplaced for the same reason.

[5] In *Jenkins,* the Georgia Court of Appeals noted that in *Harrison*, 338 Ga. App. 393, 788 S.E.2d 872, the plaintiffs filed their tort action "approximately two months after the two-year statute of limitation, but within the statute of limitation tolling period applicable to a potential criminal prosecution based on the armed

criminal charges are brought within the applicable statute of limitation, there is no tolling. Accordingly, Risco has failed to establish the statute of limitations was tolled and his § 1983 claims are time-barred. Because O.C.G.A. § 9-3-33 provides a two-year limitations period for personal injuries, Risco's state law claims for battery, false imprisonment, and assault are also time-barred.

## IV. CONCLUSION

For the reasons discussed above, the Defendants' motion for summary judgment (ECF 17) is **GRANTED**.

**SO ORDERED**, this 17th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

robbery and shooting." *Jenkins,* 351 Ga. App. at 432, 830 S.E.2d at 502. In *Jenkins,* however, like here, no criminal charges were filed against the defendant, and the statute of limitation for both the tort claim and the defendant's hypothetical crime had run by the time the plaintiff filed suit. Accordingly, the plaintiffs' tort claim was not tolled. *Id.*